Kerry K. Fennelly (SBN 232621)
kfennelly@donaldsonandcornwell.com
Valentina S. Mindirgasova (SBN 272746)
vmindirgasova@donaldsonandcornwell.com
Cornwell & Baldwin
1017 East Grand Avenue
Escondido, CA 92025
(760) 747-1100 tel
(760) 747-1188 fax

Attorneys for Plaintiffs,
GCIU-Employer Retirement Fund and
Board of Trustees of the
GCIU-Employer Retirement Fund

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GCIU-EMPLOYER RETIREMENT FUND AND BOARD OF TRUSTEES OF THE GCIU-EMPLOYER RETIREMENT FUND,<br><br>Plaintiffs,<br>v.<br><br>ABCO PRINTING d/b/a RP ENTERPRISES, LLC.,<br><br>Defendant. | CASE NO. 2:18-CV-01602<br><br>**COMPLAINT**<br><br>(1) Collection of Withdrawal Liability pursuant to ERISA § 4221(b)(1) (29 U.S.C. § 1401(b)(1));<br>(2) Payroll Audit Scheduling; and<br>(3) Minimum Annual Contributions - Collection of Contributions pursuant to ERISA § 515 (29 U.S.C. § 1145) |

## **COMPLAINT**

Plaintiffs, GCIU-Employer Retirement Fund ("Plaintiff Fund") and Board of Trustees of the GCIU-Employer Retirement Fund ("Board of Trustees"), for causes of action against Defendant RP Enterprises, LLC. ("RP Enterprises"), allege as follows:

1

COMPLAINT

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and attorneys' fees incurred by an employer as a result of a withdrawal from a multiemployer pension plan, and an action to compel the production of an employer's books and records, for the purpose of determining the accuracy of its reporting to the multiemployer pension plan of the number of hours worked by its employees. These actions arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001 *et seq*.

2. This is also an action to collect fringe benefit contributions due and owing to Plaintiffs arising under § 515 of ERISA, 29 U.S.C. § 1145.

3. This court has jurisdiction over this action under §§ 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

4. Venue lies in this Court under §§ 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Plaintiff Fund is administered at its principal place of business in Los Angeles, California.

## PARTIES

5. Plaintiff Fund is a multiemployer pension plan within the meaning of §§ 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

6. Plaintiff Board of Trustees is comprised of the present trustees who are the named fiduciaries of the Fund within the meaning of § 402(a) of ERISA, 29 U.S.C. § 1102(a), and is the plan sponsor of the Fund within the meaning of §§ 3(16)(B)(iii) and 4001(a)(10) of ERISA, 29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10). The Board of Trustees administers the Plaintiff Fund at 1200 Wilshire Blvd, 5th Floor, Los Angeles, CA 90017-1906.

7. Pursuant to §§ 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Board of Trustees is authorized, as a named fiduciary, to bring this action on behalf of the Fund, its participants and beneficiaries.

COMPLAINT

8. The Plaintiff Fund is also authorized to bring this action in its own name pursuant to a provision contained within Article VIII, Section 18 of the Fund's Trust Agreement, which permits all legal actions to be prosecuted in the name of the Fund. A true and correct copy of the Fund's Trust Agreement is attached hereto as Exhibit 1.

9. Defendant RP Enterprises is a limited liability company organized under the laws of the State of New Jersey with a revoked status.

10. At all times relevant to this action, Defendant has been an "employer" as the term is defined by § 3(5) of ERISA, 29 U.S.C. § 1002(5), and was engaged in an industry affecting commerce, as defined by section 301(a) of the Labor-Management Relations Act, 29 U.S.C. § 185(a).

## FIRST CAUSE OF ACTION

(Default on Payment Obligation for Withdrawal Liability)

11. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 10 of this Complaint as though fully set forth herein.

12. During all relevant times, RP Enterprises made contributions to the Plaintiff Fund on behalf of its employees per a Collective Bargaining Agreement with GCC/IBT Local 612M ("Local Union"). A true and correct copy of the Collective Bargaining Agreement is attached hereto as Exhibit 2.

13. Defendant's obligation to contribute to the Plaintiff Fund ceased in 2013 because Defendant completely withdrew from participation in the Plaintiff Fund.

14. Defendant also experience three partial withdrawal from the Plaintiff Fund due to a 70-percent contribution decline that were triggered in 2010, 2011, and 2012 pursuant to Section 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1).

15. As a result of the foregoing, Plaintiffs provided RP Enterprises with a Notice of Partial and Complete Withdrawal Liability and Demand for Payment ("Notice and Demand") on May 18, 2017, pursuant to §§ 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1), which RP Enterprises received on July 3, 2017.

COMPLAINT

16. In accordance with ERISA and the Fund's Withdrawal Liability Procedures, the Fund's actuary determined that the partial withdrawal liability attributable to Defendant was $424,112, $72,963, and $394,243, and that the complete withdrawal liability attributable to Defendant was $170,780.

17. The Notice and Demand included a detailed calculation of how the amounts of the partial and complete withdrawal liability assessments were calculated by the actuary, and provided RP Enterprises with a payment schedule for the four assessments in accordance with the requirements of § 4219(c) of ERISA, 29 U.S.C. § 1399(c). A true and correct copy of the Notice and Demand with the detailed calculations is attached hereto as Exhibit 3.

18. Defendant failed to make payments pursuant to the four payment schedules as required under § 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2).

19. On September 12, 2017, Plaintiffs provided via certified mail a Notice of Failure to Pay Withdrawal Liability and Demand for Cure ("Demand for Cure") to Defendant in accordance with § 4219(c)(5) of ERISA, 29 U.S.C § 1399(c)(5), informing Defendant that it had sixty (60) days to cure the delinquencies prior to the determination of a default within the meaning of § 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5). A true and correct copy of the Demand for Cure is attached hereto as Exhibit 4.

20. Defendant did not exercise its rights under ERISA Section 4219(b)(2)(A), 29 U.S.C. § 1399(b)(2)(A), to ask Plaintiffs to review the assessments, to identify any inaccuracies in the determination of the amount of the assessments, or to furnish any additional information to the Plaintiffs.

21. Defendant did not initiate arbitration pursuant to § 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1) and the time to initiate arbitration has expired. Consequently, the amounts demanded by Plaintiffs are due and owing pursuant to § 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

22. Defendant failed to cure the required withdrawal liability payments pursuant to the Demand for Cure and thus is in default within the meaning of § 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5). Accordingly, the entire amount of its withdrawal liability assessments is due and owing.

23. The total owed on all four withdrawal liability assessments is $1,062,098.

24. The failure to pay its withdrawal liability subjects an employer to interest, attorney's fees and costs.

25. By reason of the foregoing, Defendant is indebted to Plaintiffs in the sum of $1,062,098, plus interest, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION

(Audit of Books and Records)

26. The allegations of Paragraphs 1 through 25 are incorporated by reference as if fully restated.

27. Under Article IX, Section 2 and 3 of the Trust Agreement governing the Plaintiff Fund, Defendant is contractually liable to timely report on a monthly basis the hours worked by all of its employees performing bargaining unit work and to pay contributions to the Plaintiff Fund accordingly.

28. Under Article IX, Section 5 of the Plaintiff Fund's Trust Agreement, Defendant is also required to permit the Plaintiff Fund to review its books and records, including its payroll records, relating to hours worked by all employees, including Union, non-Union, bargaining unit, and non-bargaining unit employees, of the Defendant, to confirm that monthly contributions are being made in accordance with the terms of the Collective Bargaining Agreement.

29. Plaintiffs requested an audit covering the period of April 1, 2010 through June 30, 2013, to determine whether Defendant has accurately reported the number of hours worked by its employees.

30. Defendant has not provided Plaintiffs with the requisite books and records.

31. Defendant is thus in breach of Plaintiffs' Trust Agreement and must be ordered to produce its books and records for Plaintiffs' review and audit, and to pay all attorneys' fees and costs incurred in obtaining that audit.

### THIRD CAUSE OF ACTION

(Collection of Minimum Annual Benefit Contributions)

32. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33. Pursuant to § 515 of ERISA, 29 U.S.C. § 1145, the Collective Bargaining Agreement, and the Trust Agreement, Defendant is obligated to remit contributions to the Plaintiff Fund.

34. Plaintiff Fund's Rehabilitation Plan obligates each participating employer to pay a minimum annual contribution amount. Specifically, the Rehabilitation Plan states that,

> "Effective for each calendar year on or after the adoption of the Rehabilitation Plan by the bargaining parties, the required minimum contributions (including the base contribution and the rehabilitation plan contributions increases) for each employer (determined on a controlled group basis) will be no less than the total annual contributions for the that employer from September 1, 2008 through August 31, 2009."

A true and correct copy of the relevant Rehabilitation Plan provision is attached hereto as Exhibit 5.

35. Between September 1, 2008 through August 31, 2009, ("base period"), Defendant's contributions totaled $5,626.00. Thus, under the Rehabilitation Plan, Defendant's minimum annual contribution requirement was $5,626.00.

36. For the period of January 1, 2013 through December 31, 2013, Defendant's minimum annual contribution requirement was $5,626.00. However, because Defendant only participated in the Plaintiff Fund for six months in 2013, the pro-rated minimum contribution requirement for 2013 is $2,813.00

37. Defendant made a total of $835.63 in contributions for the period of January 1, 2013 through December 31, 2013.

38. Defendant underpaid its minimum total annual contributions by $1,977.37 for the period of January 1, 2013 through December 31, 2013.

39. Defendant has not paid the $1,977.37 due and owing.

40. Pursuant to Plaintiffs' Trust Agreement and § 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), in the event the Defendant fails to timely remit the contributions, it is liable not only for the amount of contributions due, but also for the following: (1) interest on the unpaid and untimely paid Fund contributions, at the rate of ten percent (10%) per annum, plus (2) the greater of interest on the unpaid and untimely paid Fund contributions or liquidated damages equal to twenty percent (20%) of those delinquent contributions; plus (3) costs and fees of collection and attorneys' fees.

41. Defendant owes $1,977.37 in underpaid total minimum annual contributions for the period of January 1, 2013 through December 31, 2013 plus applicable interest, liquidated damages, and attorney's fees and costs.

WHEREFORE, Plaintiffs request the following relief:

(a) On Plaintiffs' First Cause of Action, a judgment against Defendant, and on behalf of Plaintiffs, pursuant to § 4301(b) of ERISA, 29 U.S.C. § 1451(b), for:

  (i) the past due withdrawal liability payment of $1,062,098;

  (ii) interest at the prevailing market rate pursuant to § 4219(c)(6) of ERISA, 29 U.S.C. § 1399(c)(6), on the total amount of unpaid withdrawal liability due and owing from September 1, 2017 until paid;

  (iii) Plaintiffs' reasonable attorneys' fees and costs of the action; and

  (iv) Such other legal and equitable relief as the Court deems appropriate.

(b) On Plaintiffs' Second Cause of Action, judgment against the Defendant, and on behalf of Plaintiffs,

  (i) Requiring it to produce its books and records covering the period of April 1, 2010 through June 30, 2013 for Plaintiffs' review and audit;

     (ii)    Plaintiffs' reasonable attorneys' fees and costs of the action; and

     (iii)   Such other legal and equitable relief as the Court deems appropriate.

(c) On Plaintiffs' Third Cause of Action, a judgment against the Defendant for:

     (i)    $1,977.37 in underpaid total minimum annual contributions for the period of January 1, 2013 through December 31, 2013;

     (ii)   Judgment against the Defendant for (1) interest at the rate of ten percent (10%) per annum; plus (2) the greater of interest on the underpaid contributions or liquidated damages equal to twenty percent (20%) of those delinquent contributions; plus (3) costs and fees of collection and attorneys' fees; and

     (iii)  Such other legal and equitable relief as the Court deems appropriate.

Dated: February 27, 2018        /s/ Valentina S. Mindirgasova
Kerry K. Fennelly
Valentina S. Mindirgasova
Cornwell & Baldwin
1017 East Grand Avenue
Escondido, CA 92025
(760) 747-1100
(760) 747-1188
kfennelly@donaldsonandcornwell.com
vmindirgasova@donaldsonandcornwell.com

Attorneys for Plaintiffs